Boisvert v. Sears                    CV-96-495-M    10/26/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jeanie T. Boisvert,
     Plaintiff

v.                                       Civil No. 96-495-M

Sears, Roebuck & Co.,
     Defendant


**O R D E R**

By order dated August 5, 1998, the court granted in part and denied in part plaintiff's motion for attorney's fees and costs. It also instructed plaintiff to submit an amended statement of attorney's fees, modified to reflect certain changes outlined in the court's order.  Counsel for plaintiff, Attorney Heather Burns, then submitted a motion for final award of attorney's fees, in which she represents that she has made all of the modifications directed by the court and in which she has included an additional request for attorney's fees incurred through August 12, 1998.  In total, plaintiff seeks reimbursement for $135,514.00 in attorney's fees generated in connection with this matter since January 26, 1996.


Defendant objects only to that portion of plaintiff's motion in which she seeks $6,767.00 in fees incurred since May 13, 1998.

In support of its objection, defendant simply asserts, without elaboration, that those fees are excessive.[1]

The challenged fees relate to legal work performed on plaintiff's behalf for the three month period from May 13, 1998, through August 12, 1998. During that period, plaintiff's counsel prepared her initial motion for attorney's fees, a bill of costs, and a supporting memorandum and affidavits. As to those services, however, she reduced her hourly charges from her customary fee of $140 per hour to $100 per hour. See Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993); Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992). Attorney Burns and one of her associates also researched and prepared various post-trial motions as well as objections to post-trial motions filed by defendant. Attorney Burns also attended and participated in oral argument on defendant's post-trial motions. With regard to each such activity, counsel has submitted a detailed summary of the legal services rendered, the date on which they were performed, the name of each person who provided those services, and his or her hourly billing rate.

---

[1] Aside from simply saying that fees generated by plaintiff's counsel between May 13, 1998 and August 12, 1998, are excessive, defendant notes that, "Plaintiff's fees allegedly generated since May 13, 1998, are equal to more than 5% of the total fees incurred by Plaintiff at trial and the two years prior to trial." Defendant's objection (document no. 108) at 1 (emphasis in original). The fact that fees related to researching, preparing, and arguing post-trial motions amounts to approximately 1/20th of the total fees generated in connection with this case does not seem particularly unusual.

Having reviewed plaintiff's submissions and defendant's objection, the court concludes that the hourly rates charged by plaintiff's counsel are reasonable and consistent with those customarily charged by practitioners of comparable skill and expertise in New Hampshire. See Andrade v. Jamestown Housing Authority, 82 F.3d 1179, 1190 (1st Cir. 1996) ("In determining a reasonable hourly rate, the Supreme Court has recommended that courts use 'the prevailing market rates in the relevant community' as the starting point."). The court also concludes that the fees charged as well as the number of hours worked by plaintiff's counsel (as amended in accordance with the court's order of August 5, 1998) are reasonable and appropriate in light of the complexity of this case, the qualifications of counsel, the volume of work performed by counsel, and the ultimate resolution of this matter.

## Conclusion

For the reasons set forth above and in the court's order of August 5, 1998, plaintiff's motion for final award of attorney's fees (document no. 106) is granted. Defendant shall reimburse plaintiff the sum of $135,474.00, representing attorney's fees reasonably incurred in connection with this matter.[2]

---

[2]     In a footnote, Sears points out that plaintiff's counsel has included a request for fees incurred for a "½ hour wait at Atty. Moquin's office" prior to a meeting with her client and Attorney Moquin. Counsel billed that time at her customary hourly rate of $140 per hour. Sears concedes that this was likely an oversight on counsel's part, but argues that time should be disallowed in its entirety because it did not include

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

October 26, 1998

cc:  Heather M. Burns, Esq.
     Byry D. Kennedy, Esq.
     Joan Ackerstein, Esq.

---

activities which require the skill of an attorney.  The court is inclined to agree, at least in part.  Accordingly, plaintiff shall recover fees associated with that time at the rate of $60 per hour.  See Affidavit of Attorney Burns (Exhibit A to document no. 106) at para. 2 ("[P]ursuant to page 17 of the Court's Order, all times spent by any person involved in the case traveling, waiting, making an attempted telephone call, or physically filing a pleading is billed at $60.00 per hour, which was done in the exercise of billing judgment").  The final amount of attorney's fees approved has, therefore, been reduced by $40.